```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

| | |
|---|---|
| RAQUELL HATCHER and NIAMBI COOPER, <br><br>              Plaintiffs, <br><br>        v. <br><br> FAMILY DOLLAR STORE, INC., <br><br>              Defendant. | Civil No. 08-1444-JBS-AMD |

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on July 15, 2008; and the Court noting the following appearances: Ari R. Karpf, Esquire, appearing on behalf of the plaintiffs; and Sarah L. Powenski, Esquire, appearing on behalf of the defendant.

IT IS this **15th** day of **July 2008,** hereby **ORDERED**:

1.  The time within which to seek amendments to the pleadings or to add new parties will expire on **August 29, 2008.**

2.  Pretrial factual discovery is hereby extended to **January 2, 2009.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

3.  **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

4. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendant not later than **February 2, 2009.** All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiffs not later than **March 2, 2009.** Each such report should be accompanied by the curriculum vitae of the proposed expert

witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 2, 2009.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

5. **<u>Dispositive Motions</u>**. Dispositive motions shall be filed with the Clerk of the Court no later than **February 3, 2009.** Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

6. The Final Pretrial Conference shall be conducted on **<u>May 1, 2009 at 11:30 A.M.</u>**. The form Joint Final Pretrial Order (original and two copies for the court, with sufficient copies for all counsel), as signed by all counsel, shall be delivered to the Court at the conference. The plaintiffs' portion of the proposed order shall be prepared and sent to defense counsel not later than **April 10, 2009.** Defendant's portion of the proposed order shall be prepared and returned to counsel for plaintiffs not later than **April 24, 2009. FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

**<u>TRIAL COUNSEL MUST APPEAR AT THE FINAL PRETRIAL CONFERENCE UNLESS SPECIFICALLY EXCUSED BY THE COURT.</u>** <u>FED. R. CIV. P. 16(d)</u>.

7. The Court will conduct a settlement conference on **<u>January 26, 2009 at 10:00 A.M.</u>**. Clients with settlement authority shall appear in person. Settlement memoranda shall be exchanged and provided to the Court two days prior to the conference.

8. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period

sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F<small>ED</small>. R. C<small>IV</small>. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

        9.  **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F**<small>**ED**</small>**. R. C**<small>**IV**</small>**. P. 16(f).**

                                              s/ Ann Marie Donio
                                              ANN MARIE DONIO
                                              United States Magistrate Judge

cc:   Hon. Jerome B. Simandle